at Special Term. The complaint alleged that the plaintiff and the defendant entered into an agreement for the purchase at public auction of certain real property located on Bay Ridge avenue, in the borough of Brooklyn; that such property was purchased at public auction and that at the sale it was struck down to the plaintiff, who signed the terms of sale; that at the time of taking title it was agreed between the plaintiff and the defendant that the plaintiff assign his bid to the defendant in whose name title was to be taken, upon an understanding that both plaintiff and the defendant would each have an undivided one-half interest in the premises and in the net rents and profits thereof; that without any further consideration, said bid was assigned to the defendant who took title to the said property in his name, and that thereafter defendant repudiated the agreement and refused to recognize plaintiff's interest in the premises. The trial court adjudged that the plaintiff was the owner of a one-half interest in the property and directed that upon a sale of the property the proceeds be divided between plaintiff and defendant.

*William Godnick* and *Irving C. Maltz* for appellant.

*Sidney A. Clarkson, Albert A. Hovell* and *H. W. McChesney* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

DOROTHY BIRD, Respondent, *v.* WILLIAM SMITH, Appellant.

*Negligence — motor vehicles — action to recover for personal injuries resulting from collision of automobiles.*

*Bird* v. *Smith*, 222 App. Div. 793, affirmed.

(Argued June 15, 1928; decided July 19, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered January 16, 1928, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while riding as a passenger in an automobile, was injured as the result of a collision between the car in which she was riding and an automobile driven by defendant.

*George R. Fearon* and *John E. Gates* for appellant.
*Jerome K. Cheney* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: CARDOZO, Ch. J.

---

JOHN CONNELL, an Infant, by ARTHUR J. CONNELL, His Guardian ad Litem, Respondent, *v.* ANNA BERLAND et al., Appellants.

*Negligence — motor vehicles — child sitting on sidewalk struck by automobile left on opposite side of street, and which started, crossed street and mounted curb — defense that car was started by other children.*

*Connell* v. *Berland,* 223 App. Div. 234, affirmed.
(Argued June 15, 1928; decided July 19, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 6, 1928, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained through the negligence of defendant. The complaint alleged that plaintiff while sitting upon the sidewalk against a building was struck by an automobile owned by defendant Anna Berland and operated by defendant Charles L. Berland which he had left with the engine running on the opposite side of the street and which started, crossed the street and mounted the curb. Defendants contended that the automobile was left with the engine stopped, with the gears in neutral, with the switch turned off, with the ignition locked, though the key was not removed from the lock,

**41**